UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>                Petitioner,<br><br>      v.<br><br>JOE A. LIZARRAGA,<br><br>                Respondent. | Case No. CV 19-6055 CJC(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

## I. SUMMARY

On July 15, 2019, petitioner Lenin Garcia, who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Current Federal Petition") pursuant to 28 U.S.C. § 2254. The Current Federal Petition challenges petitioner's 1993 conviction and sentence in Los Angeles County Superior Court Case No. BA055027 ("State Case").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the

Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. State Proceedings

On December 16, 1993, a jury in the State Case convicted petitioner of second degree robbery, attempted extortion, conspiracy to commit robbery, conspiracy to commit extortion, and two counts of kidnapping for ransom. The jury also found true allegations that the victims of the kidnappings suffered bodily harm. On February 3, 1994, the trial court sentenced petitioner to two consecutive terms of life in prison without the possibility of parole on the kidnapping counts, plus a consecutive term of five years on the robbery count. The imposition of sentence was stayed on the remaining counts.

On April 1, 1996, on direct appeal, the California Court of Appeal reduced restitution fines imposed upon petitioner, but otherwise affirmed the judgment in Case No. B082499. Petitioner apparently did not further pursue a direct appeal.

///

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from the Current Federal Petition and supporting documents and dockets/court records in the following Central District of California ("CDCA") and Ninth Circuit cases of which this Court takes judicial notice: (1) Garcia v. Hubbard, CDCA Case No. 2:98-cv-03274-RGK-SH ("First Federal Action"); (2) Garcia v. Hubbard, Ninth Circuit Case No. 98-56671 ("First Ninth Circuit Action"); (3) Garcia v. Yarborough, Ninth Circuit Case No. 03-71407 ("Second Ninth Circuit Action"); (4) Garcia v. Paramo, CDCA Case No. 2:15-cv-01446-CJC-DTB) ("Second Federal Action"); and (5) Garcia v. Paramo, Ninth Circuit Case No. 15-71874 ("Third Ninth Circuit Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

Petitioner thereafter sought and was denied habeas relief in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

### B. First Federal Action and First Ninth Circuit Action

On April 29, 1998, petitioner formally filed a petition for writ of habeas corpus ("First Federal Petition") in the First Federal Action, challenging the judgment in the State Case. On August 14, 1998, the assigned Magistrate Judge issued a Final Report and Recommendation of United States Magistrate Judge, recommending that the First Federal Action be dismissed with prejudice because the First Federal Petition was time-barred. On August 17, 1998, the assigned District Judge issued an Order Adopting Final Report and Recommendation of United States Magistrate Judge and dismissed the First Federal Petition with prejudice. On August 29, 1998, judgment was entered accordingly.

On September 4, 1998, petitioner filed a notice of appeal. On November 19, 1998, in the First Ninth Circuit Action, the Ninth Circuit denied petitioner's request for a certificate of appealability.

### C. Second Ninth Circuit Action

On or about April 1, 2003, in the Second Ninth Circuit Action, petitioner filed an application for leave to file a second or successive petition. On June 13, 2003, the Ninth Circuit denied petitioner's application.

### D. Second Federal Action

On February 27, 2015, petitioner filed a petition for writ of habeas corpus ("Second Federal Petition") in the Second Federal Action, again challenging the judgment in the State Case. On May 20, 2015, this Court summarily dismissed the Second Federal Petition for lack of subject matter jurisdiction as successive. Judgment was entered accordingly on the same date. Petitioner did not appeal.

///
///

### E. Third Ninth Circuit Action

On or about June 19, 2015, in the Third Ninth Circuit Action, petitioner filed an application for leave to file a second or successive petition. On October 19, 2015, the Ninth Circuit denied petitioner's application.

### F. Current Federal Petition

As noted above, on July 15, 2019, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case.[3] The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[4]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing

---

[3] To the extent the Current Federal Petition is construed to be a non-successive challenge to the state court's refusal to grant petitioner relief based upon amendments to California Penal Code section 3051 which provide for youth offender parole hearings for prisoners who were 25 years of age or younger at the time of a controlling offense, the Court alternatively summarily denies the Current Federal Petition because such claims are not cognizable on federal habeas review and, in any event, are without merit because such provision does not apply to individuals who are sentenced to life without the possibility of parole for controlling offenses committed after the person had attained 18 years of age. See Cal. Penal Code § 3051(h). Petitioner represents that he was 22 years old when he committed the offenses in issue and, as noted above, he was sentenced to two consecutive terms of life without the possibility of parole. His apparent suggestion that Section 3051 somehow legally converts a 22-year-old who committed a non-homicide offense – like petitioner – into a juvenile for whom a sentence of life without the possibility of parole is constitutionally impermissible is unsupported and meritless.

[4] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

4

applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); Reyes v. United States, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Petitioner's First Federal Petition was dismissed with prejudice as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits. See McNabb, 576 F.3d at 1030. Accordingly, the Current Federal Petition – like the Second Federal Petition – is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

5

## IV. ORDER

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice. The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.

DATED: July 24, 2019

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE